## GUERLAIN PERFUMERY CORPORATION OF DELAWARE v. KLEIN.

### No. E–5734.

District Court, E. D. New York.

March 30, 1932.

See, also, 56 F.(2d) 439.

Mock & Blum, of New York City, for plaintiff.

Max Seidenbaum, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

In this cause the plaintiff seeks an injunction against the defendant from using the plaintiff's trade-marks "Guerlain," "Mitsouko" and "Shalimar," except to designate plaintiff's genuine products in their original packages.

Registration of these marks for perfume, etc., and ownership by the plaintiff have been shown, and are not disputed.

Plaintiff also seeks to enjoin the use by defendant of misleading labels, display cards, and the like, and an accounting of profits and damages.

The plaintiff for many years has been engaged in selling its products under the said trade-marks, and, through advertising and developing its business, has built up a large and profitable distribution of its products, and a valuable good will in the trade to which it caters and among the consuming public.

The product concerning which the testimony was taken is "Shalimar," a perfume said to be much in demand, upon which the retail prices vary from $12.50 for a 1-ounce bottle to $75.00 for an 8-ounce bottle.

By reason of the price charged for this perfume, the custom has grown for retail purveyors to sell it in small bottles or vials,

not original packages, but authentic as to content, so that the public who so desire can buy in small quantities, such as a dram. For the latter quantity, the average price is from $1.15 to $1.25.

Sales of the product in these small quantities are made under the trade-mark of the plaintiff, so that the perfume is identified as of the plaintiff's, even though not sold in the original bottles.

This form of distribution in small bottles has opened a field of competition in which the defendant has sought to establish himself by offering for sale an article which he described, on a counter card to which are affixed one dozen small cylindrical shaped vials of perfume, as "Genuine Extracts" of "Shalimar" (and other named perfumes) "With Villon blender, rebottled by Villon, N. Y. C. independent of * * * Guerlain * * *".

The price of these vials is 35 cents each, and the holding out to the public is, that a given vial contains Guerlain's Shalimar with Villon blender, rebottled by Villon, independent of Guerlain.

It should be said that the cards are 10 inches high and 14 inches broad, and are intended to be used as easels on the top of a show case. The legend beginning "With Villon blender" etc., occupies the lower 2 inches of the card, and, while the lettering is clearly observable (⅝ inch letters), if the card or easel is placed behind other objects on the show case or counter, the explanatory words are wholly or partly hidden.

The defendant asserts that he is violating no right of the plaintiff, because his card is truthful, in that he uses genuine "Shalimar" with what he calls a "blend" of his own devising, and that the public is so notified, and that consequently he is not guilty of violating the plaintiff's trade-mark, or of unfair competition.

So far as the trade-mark question is concerned, the defendant relies upon Preston-ettes, Inc., v. Coty, 264 U. S. 359, 44 S. Ct. 350, 68 L. Ed. 731, but he does not bring himself within the decree in that case, which required a statement of the respective percentages of the original product, and the added constituent. The defendant here testified that he followed no written formula in producing that which he sells, but "carries it in his head." He was either unwilling or unable to state the formula, although the court offered him the opportunity of doing so without incorporating it in the record.

Moreover, the answer to the amended complaint contains no defense with respect to paragraphs 8 and 35 of the latter, reading as follows:

"8. Prior to the filing of this complaint and subsequent to the year 1924, and in about the year 1931, the defendant herein has sold and offered for sale in the Eastern District of New York and elsewhere in interstate and intrastate commerce in the United States certain vials of liquids labelled as follows:

" 'Guerlain's Shalimar et Villon Blend Rebottled by Villon, N. Y. C. Wholly Independent of Guerlain'

" 'Guerlain's Mitsouko et Villon Blend Rebottled by Villon, N. Y. C. Wholly Independent of Guerlain.'

"Said vials of liquids so sold and offered for sale by defendant have been put out by him mounted on display cards and a photostat of, one of said cards is hereunto annexed and marked 'Plaintiff's Exhibit, Defendant's Display Card.' One of said display cards and specimens of said vials and labels are hereunto annexed and marked 'Defendant's Article.' "

"35. The use of the label referred to in paragraph 8 of this complaint and beginning with 'Guerlain's Shalimar' constitutes infringement of the said trade mark 'Shalimar' and also constitutes unfair competition in that the perfumed liquid of defendant does not have the odor or character or quality of the genuine 'Shalimar' perfume put out by plaintiff, and because said label fails to state the proportions of plaintiff's 'Shalimar' perfume and the so-called 'Villon Blend' if any of the genuine 'Shalimar' perfume put out by plaintiff is present in the perfumed liquid put out by defendant."

Pursuant to Equity Rule 30, these averments are deemed confessed.

The defendant Samuel S. Klein is an individual who has been engaged in his present calling, according to his own testimony, since January, 1931.

He testified that he adopted and registered with the County Clerk of Kings County the trade-name "Villon" because he wanted something that would sound French. As he was offering for sale an article the only identified constituent of which was of French origin or derivation, it is clear that he had a reason for seeking thus to fabricate a misleading character for his commodity.

This is not the least significant aspect of the defendant's activity.

There is uncontradicted testimony in the

case, that in the perfumery industry there is no such recognized practice as "blending."

There is also uncontradicted testimony that scientific and practical tests reveal that there is a marked difference between the plaintiff's "Shalimar" perfume and the contents of the small vials sold by the defendant; one of the witnesses for the plaintiff testified that he thought there was a little "Shalimar" present in the defendant's product, and this decision proceeds upon that theory.

The fact, that defendant sold one bottle of his own product to a witness called by plaintiff, and represented that it was "Shalimar," is deemed to have been established, but it is the only instance of the kind brought to light, and cannot therefore be sufficient to prove such a practice on the defendant's part, and is not so urged in the plaintiff's brief.

Upon all the testimony in the case, the following are the

### Findings of Fact

1. The plaintiff is the exclusive owner of the trade-mark "Shalimar" which it has used for many years in this country in connection with the sale of perfumes to retail distributors.

2. The plaintiff's good will extends to the resale, in small quantities of a dram or less, of its "Shalimar" perfume, in other than original bottles, to the consuming trade.

3. The defendant Samuel S. Klein is doing business under a registered trade-name, not his own, to wit: "Villon," which he adopted because it is a French name.

4. The plaintiff's perfume "Shalimar" is of French origin or derivation.

5. The defendant is engaged in selling a liquid perfume consisting of unknown and undesignated ingredients combined with an undisclosed proportion of "Shalimar" perfume, in small vials or bottles.

6. The defendant holds out to the public that the product sold by him is a "genuine extract" and that it is Guerlain's "Shalimar" with "Villon Blend Rebottled by Villon independent of Guerlain."

7. There is no such article known to the perfumery trade as "blend."

8. The defendant is not French by birth or extraction.

9. The use of the label employed by defendant upon the vials above referred to constitutes infringement of the plaintiff's trade-mark "Shalimar."

10. The evidence shows that the defendant has been unfairly competing with the plaintiff by offering for sale as a "genuine extract" a compound which is so advertised by the defendant as to cause a purchaser to believe that it is plaintiff's "Shalimar," which is not the fact.

11. The evidence shows that the defendant has been unfairly competing with the plaintiff in that the product sold by the defendant does not possess the odor or inherent qualities of plaintiff's "Shalimar" perfume; and in that the labels and advertising placard of the defendant do not set forth or state the proportion of "Shalimar" perfume present in the said product sold by defendant.

### Conclusions of Law

1. The plaintiff is entitled to an injunction as prayed for in the bill of complaint, against the defendant with an accounting of profits and damages and costs.

2. The defendant is forbidden to sell any product containing "Shalimar" or other of plaintiff's products, combined with undisclosed ingredients of his own concoction, unless the labels and advertising matter pertaining thereto shall disclose with the same prominence as any other matter the exact percentage of "Shalimar" (or other product of plaintiff's) and the exact percentage of such other substances; and the further fact that the product so offered for sale is compounded by the defendant, stating his true name, immediately followed by the words, "doing business under the registered trade name of Villon, at (stating the street address of his place of business, and the Borough, City and State)."

Settle decree on three days' notice.